IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-95-D
No. 5:18-CV-46-D

| | | |
|---|---|---|
| TERRENCE LAMAR CARR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On February 2, 2018, Terrance Lamar Carr ("Carr") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 204-month sentence [D.E. 56]. On February 20, 2018, Carr moved to amend his section 2255 motion [D.E. 61]. On April 3, 2018, the government moved to dismiss Carr's section 2255 motion for failure to state a claim upon which relief can be granted [D.E. 63] and filed a memorandum in support [D.E. 64]. On April 30, 2018, Carr replied [D.E. 66]. As explained below, the court grants Carr's motion to amend, grants the government's motion to dismiss, and dismisses Carr's amended motion.

I.

On June 2, 2015, pursuant to a written plea agreement, Carr pleaded guilty to conspiracy to distribute and possession with intent to distribute 280 grams or more of cocain base (crack) (count one), and to possession of a firearm in furtherance of a drug trafficking crime (count three) [D.E. 20, 21, 44]. On October 29, 2015, the court sentenced Carr [D.E. 31, 33, 45]. Carr's advisory guideline range on count one was 135 to 168 months' imprisonment, and on count three was 60 months' consecutive imprisonment. See [D.E. 45] 4–6. After thoroughly considering all relevant factors

under 18 U.S.C. § 3553(a), the court sentenced Carr to 144 months' imprisonment on count one, and 60 months' consecutive imprisonment on count three. See Sentencing Tr. at 20–28. Carr appealed. On November 8, 2016, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Carr, 665 F. App'x 245, 246–47 (4th Cir. 2016) (per curiam) (unpublished).

In Carr's amended section 2255 motion, Carr claims ineffective assistance of counsel because (1) counsel failed to advise Carr that the charged conspiracy actually consisted of multiple, separate conspiracies; (2) counsel failed to challenge count one as duplicitous; and (3) counsel failed to discover that the firearm that formed the basis of count three was brought to Carr's grandmother's residence where it was found after the residence had been burglarized. See [D.E. 56] 4–7. The government moves to dismiss the amended motion for failure to state a claim upon which relief can be granted. See [D.E. 63]; [D.E. 64] 3–6.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551

2

U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 134, 141 (2012); Lafler v. Cooper, 566 U.S. 156, 165 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Carr must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–96 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance." Id. To prove prejudice, a party must show that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant pleads guilty, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citations omitted).

Carr claims that his trial counsel was ineffective for failing to (1) advise Carr that the charged conspiracy actually consisted of multiple, separate conspiracies; (2) challenge count one as duplicitous; and (3) discover that the firearm that formed the basis of count three was brought to Carr's grandmother's residence where it was found after the residence had been burglarized. See [D.E. 56] 4–7.

During Carr's Rule 11 proceeding, Carr swore that he understood the two charges to which he was pleading guilty. See Rule 11 Tr. [D.E. 44] 4–23, 28–29. Carr swore that he was fully satisfied with his lawyer's legal services. Id. at 17–18. Carr also swore that he had reviewed and discussed his entire plea agreement with counsel before he signed it, that he understood each term in the plea agreement, and that the plea agreement constituted the entire agreement that he had with the government. See id. at 26–29. In the plea agreement, Carr agreed:

> That the Court will take into account, but is not bound by the applicable United States Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

4

Plea Agreement [D.E. 21] ¶ 3(c). Carr also swore that he understood that the court could sentence him up to the statutory maximum on count one and count three, and that if the court did so, Carr could not withdraw his guilty plea. See Rule 11 Tr. at 28–29.

Carr's sworn statements at his Rule 11 proceeding bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Those sworn statements show that Carr admitted to the conspiracy as charged in count one and to possessing the firearm in furtherance of a drug trafficking crime as charged in count three. See Rule 11 Tr. at 21–23, 30–32. Carr's sworn statements also show that Carr understood that, even if he received a statutory-maximum sentence on each count, he could not withdraw his guilty plea and would not be able to go to trial. See id. at 28–29. As such, Carr has not plausibly alleged "that, but for counsel's [alleged] unprofessional error[], the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Lee, 137 S. Ct. at 1967–69; Hill, 474 U.S. at 59; Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Simply put, even if Carr's counsel raised these three issues, Carr would not have "insisted on going to trial." Hill, 474 U.S. at 59; see Lee, 137 S. Ct. at 1967–69; Strickland, 466 U.S. at 694; Rule 11 Tr. at 28–29. Thus, the claims fail.

Alternatively, the claims fail as to performance. Defense counsel's investigation was adequate and falls within the wide range of professional performance. See, e.g., Strickland, 466 U.S. at 687–94. Carr admitted to the charged conspiracy and firearm charge, and a factual basis existed for the guilty plea. See Rule 11 Tr. at 21–23, 30–37; Presentence Investigation Report [D.E. 27] ¶¶ 11–22; see also United States v. Gomez-Jimenez, 750 F.3d 370, 378–79 (4th Cir. 2014); United States v. Perry, 560 F.3d 246, 254 (4th Cir. 2009); United States v. Marshall, 332 F.3d 254, 262–64 (4th Cir. 2003); United States v. Burns, 990 F.2d 1426, 1438–39 (4th Cir. 1993).

After reviewing the claim presented in Carr's motion, the court finds that reasonable jurists would not find the court's treatment of Carr's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS Carr's motion to amend [D.E. 61], GRANTS the government's motion to dismiss [D.E. 63], DISMISSES Carr's section 2255 motion and amended motion [D.E. 56], and DENIES a certificate of appealability.

SO ORDERED. This 25 day of June 2018.

JAMES C. DEVER III
Chief United States District Judge